UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PROMETHEUS DORSEY,<br>    Plaintiff,<br>v.<br>TETRA TECH EC, INC., et al.,<br>    Defendants. | Case No. 18-cv-03623-HSG<br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br>Re: Dkt. No. 30 |

Pending before the Court is Defendants' motion to dismiss Plaintiff's first amended complaint. Dkt. No. 30 ("Mot."). The Court held a hearing on Defendants' motion on May 30, 2019. Dkt. No. 41. After carefully reviewing and considering the parties' arguments, the Court **GRANTS** Defendants' motion to dismiss.

**I. BACKGROUND**

Plaintiff Prometheus Dorsey filed his first amended complaint against Defendants Tetra Tech EC, Inc. ("TTEC") and TTEC's parent company, Tetra Tech, Inc. ("TTI"), for claims related to alleged injuries Plaintiff suffered while processing soils at the former Hunter's Point Naval Shipyard (the "Shipyard"). *See generally* Dkt. No. 23 ("FAC"). For purposes of deciding the motion to dismiss, the following allegations are taken as true.

Mr. Dorsey was employed as an "unskilled 'construction laborer'" by TTEC from 2005 through 2014. FAC ¶ 8. His duties included digging and processing soils at the Shipyard and working the conveyor belt. *Id*. ¶¶ 8–9. During his time at TTEC, Mr. Dorsey alleges that his superiors assured him the soils were safe and he did not need to wear a ventilation mask. *Id*. ¶ 9. However, Mr. Dorsey contends that contrary to those assurances, the soils were highly toxic and radioactive, and Defendants for years concealed their toxic nature. *Id*. ¶ 7. It was not until March or April 2018, when "numerous and voluminous reports of government agencies and corporate

whistleblowers" surfaced that Mr. Dorsey became aware of the toxic nature of the soils. *Id*. Specifically, Mr. Dorsey alleges that he likely was exposed to Plutonium-239, Cesium-134 and -137, Potassium-40, and Strontium-90. *Id*. ¶ 9.

As a result of Mr. Dorsey's exposure to the carcinogenic soils, Mr. Dorsey asserts that he began suffering shortness of breath consistent with early signs of cancer or other pulmonary illnesses, and a pain around his waist consistent with early signs of bone and soft-tissue cancer. *Id*. ¶¶ 10–11. The physical injuries started one year prior to the filing of this action and continue to this day. *Id*. Mr. Dorsey also experienced emotional distress over the fear of a potential cancer diagnosis, social stigma in his former community of Hunter's Point, potential future lost earnings and financial medical expenses, and an "unconscionable violation of his personal dignity and bodily integrity." *Id*. ¶ 12.

Mr. Dorsey's operative complaint alleges the following federal and state causes of action: (1) violation of 18 U.S.C. § 1961, the Civil Racketeering, Influence, and Corrupt Organizations Act ("RICO"); (2) a *Bivens* claim; (3) fraud under California Business & Professions Code § 17200 *et seq*.; (4) negligence; (5) strict liability for ultra-hazardous activities; and (6) battery. FAC ¶¶ 13–39. Mr. Dorsey seeks general damages in the amount of $2,000,000, punitive damages in the amount of $16,000,000, and reasonable attorneys' fees and costs. FAC, Prayer for Relief.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A defendant may move to dismiss a complaint for failing to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). To survive a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a plaintiff pleads "factual content that allows the court to draw

2

the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Nonetheless, courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

If dismissal is appropriate under Rule 12(b)(6), a court "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (quotations and citation omitted).

## III. DISCUSSION

Defendants move to dismiss all causes of action against TTEC on the basis that each of the claims is barred under the exclusive remedy provision in California's workers' compensation laws. As to TTI, Defendants contend that the FAC fails to state any claims against it, as a parent corporation is not responsible for its subsidiary's working conditions absent an independent and affirmative duty. Defendants also assert that Mr. Dorsey's fraud-related federal and state claims fail to plead facts satisfying the heightened Rule 9(b) standard. The Court first addresses whether Mr. Dorsey has sufficiently alleged a federal cause of action under Rule 12(b)(6) and Rule 9(b), then considers whether California's workers' compensation law bars the state claims.

### A. Plaintiff Has Not Adequately Alleged a RICO Violation

Mr. Dorsey's only remaining federal claim is for purported violations of RICO, codified in 18 U.S.C. § 1962.[1] Specifically, Mr. Dorsey alleges that Defendants engaged in "racketeering activity" by retaliating against whistle-blowers, fraudulently obtaining and misusing permits related to handling of toxic materials, and fraudulently misrepresenting the nature of the soils.

---

[1] Mr. Dorsey, in his opposition, concedes that his *Bivens* claim should be dismissed. Dkt. No. 34 at 21. Accordingly, the Court **DISMISSES** the *Bivens* claim.

3

FAC ¶ 15. As a result of Defendants' activities, Mr. Dorsey alleges that he was injured in his business and property. *Id.* ¶ 18.

To state a claim under § 1962(c), Mr. Dorsey must allege "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as 'predicate acts') (5) causing injury to plaintiff's 'business or property.'" *Living Designs, Inc. v. E.I. Dupont de Nemours and Co.*, 431 F.3d 353, 361 (9th Cir. 2005). "Rule 9(b)'s requirement that '[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity' applies to civil RICO fraud claims." *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1065–66 (9th Cir. 2004); *see also Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 541 (9th Cir. 1989) ("We have applied the particularity requirements of rule 9(b) to RICO claims."). In the context of RICO, Rule 9(b) requires that a plaintiff "detail[s] with particularity the time, place, and manner of each act of fraud, plus the role of each defendant in each scheme." *In re Toyota Motor Corp.*, 785 F. Supp. 2d 883, 919 (C.D. Cal. 2011) (citing *Lancaster Cmty. Hosp. v. Antelope Valley Hosp. Dist.*, 940 F.2d 397, 405 (9th Cir.1991)). "A plaintiff may not simply lump together multiple defendants without specifying the role of each defendant in the fraud." *Id.*

Mr. Dorsey's allegations are conclusory and fail to satisfy the heightened pleading standard required to allege a RICO claim. Fundamentally, the FAC is devoid of any factual allegations pleading what entities are in the "enterprise," or even that one exists. Further, the FAC merely lists indictable statutes without identifying with particularity the "time, place, and manner of each act of fraud," and the role of each Defendant in the scheme. *See In re Toyota*, 785 F. Supp. 2d at 919. As to causation, Mr. Dorsey's conclusory allegation that "he was injured in his business and property" fails to plead with particularity *how* the alleged predicate acts harmed his business and property. FAC ¶ 18. These sparse allegations cannot meet the heightened pleading requirements of Rule 9(b).

In an attempt to remedy these deficiencies, Mr. Dorsey lists a number of allegations in his opposition that he intends to allege as predicate acts, should the Court grant leave to amend. Dkt.

No. 34 ("Opp.") at 17–19.[2] The Court will grant leave to amend "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d at 1127 (citation omitted). Although the Court has some doubt as to Mr. Dorsey's ability to state a plausible RICO claim, it is not yet clear that amendment would be futile. Thus, given the Ninth Circuit's clear direction on this point and Federal Rule of Civil Procedure 15(a)'s mandate that leave be freely given, the Court **DISMISSES** Mr. Dorsey's RICO claim with leave to amend.

### B. Plaintiff's State Claims Are Barred by California's Worker's Compensation Act

Mr. Dorsey's state law claims are preempted by the exclusive remedy provision in California's Workers' Compensation Act ("WCA"). The WCA, codified in California Labor Code § 3600 *et seq.*, provides that workers' compensation is available to an employee for injuries "arising out of and in the course of employment." Cal. Lab. Code § 3600(a). Compensation is the exclusive remedy against an employer. *See* Cal. Lab. Code § 3602(a) ("Where the conditions of compensation set forth in Section 3600 concur, the right to recover compensation is [ ] the sole and exclusive remedy of the employee [ ] against the employer."). Therefore, if the WCA provides for compensation, an employee's judicial claim is preempted if the injury is one "arising out of and in the course of the employment" and no exception applies. *Gunnell v. Metrocolor Labs., Inc.*, 92 Cal. App. 4th 710, 718–19 (Ct. App. 2001). This exclusive remedy provision reflects a "compensation" bargain, under which an employer "assumes liability for industrial personal injury or death without regard to fault in exchange for limitations on the amount of that liability." *Id.* at 720.

Defendants contend that the WCA preempts all of Plaintiff's state law claims and that no statutory exception applies. Mot. at 6–16. Mr. Dorsey argues that his claims fall outside the WCA because he does not have a "qualifying injury" and Defendants' actions take the case

---

[2] The Court will not consider these allegations in deciding Defendants' current motion to dismiss. *Schneider v. California Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court *may not* look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition"). But the Court will consider these allegations in determining "whether to grant leave to amend or to dismiss the complaint with or without prejudice." *Broam v. Bogan*, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003).

5

"outside of the workers' compensation 'bargain.'" Opp. at 9–10. The Court agrees with Defendants that workers' compensation is Mr. Dorsey's exclusive remedy against TTEC, and that his state claims are thus barred.

### i. Plaintiff's Injuries Fall Within the Exclusive Remedy Provision

In determining whether the WCA's exclusivity provision preempts Mr. Dorsey's claims, the initial inquiry is whether the alleged injury falls within the scope of the WCA: that is, whether the injury was one "arising out of and in the course of the employment." *See Gunnell*, 92 Cal. App. 4th at 719. Factors that courts consider in determining whether the injury was one occurring in the course of employment include whether the injury was "proximately caused by the employment, either with or without negligence" and whether, at the time of the injury, the employee was "performing service growing out of and incidental to his or her employment." *Eckis v. Sea World Corp.*, 64 Cal. App. 3d 1, 6 (Ct. App. 1976) (quoting Cal. Lab. Code § 3600(a)).

Mr. Dorsey's FAC affirmatively alleges facts demonstrating that his injuries fall within the ambit of the WCA. He alleges that TTEC employed him as a "construction laborer" during all relevant times. FAC ¶ 8. His duties included "digging and processing soils with tools and by hand, at the direction of his employers," and "work[ing] the 'conveyor belt,' which brought radioactive soils within inches of his unprotected face." FAC ¶¶ 8–9. Mr. Dorsey's FAC undeniably alleges that his injuries were proximately caused by duties he was tasked with performing during his course of employment with TTEC.

Instead of arguing otherwise, Mr. Dorsey asserts that because he did not sustain "disability or death," his injuries place him outside the WCA's statutory framework *See* Opp. at 9–10. The Court is not persuaded. The California Supreme Court, in Mr. Dorsey's own cited authority, held that a compensable injury "is one which causes disability or need for medical treatment." *Livitsanos v. Superior Court*, 2 Cal. 4th 744, 753 (1992); *see also Lazo v. Mobil Oil Ref. Corp.*, No. CV 14-1072 ABC (JCX), 2014 WL 12596483, at *2 (C.D. Cal. Mar. 17, 2014) ("The Act defines 'injury' to include 'any injury or disease arising out of the employment'"). The FAC alleges that Mr. Dorsey sought and obtained medical treatment for symptoms "statistically

6

significantly linked with exposure" to the carcinogenic toxins. FAC ¶¶ 10–11. Mr. Dorsey's injuries are covered by the WCA.[3]

### ii. Plaintiff Fails to Plead Any Exception to the Exclusive Remedy Provision

Having found that Mr. Dorsey's injuries fall within the purview of the WCA's exclusive remedy provision, the Court next addresses whether a statutory exception applies. The exclusivity provision does not apply if the employee's injury is: (1) "caused by a willful physical assault by the employer"; (2) "aggravated by the employer's fraudulent concealment of the existence of the injury and its connection with the employment"; or (3) "caused by a defective product manufactured by the employer and sold, leased, or otherwise transferred for valuable consideration to an independent third person, and that product is thereafter provided for the employee's use by a third person." Cal. Lab. Code § 3602(b).

None of these statutory exceptions apply here, and Mr. Dorsey does not appear to invoke any of them. *See* Opp. at 11–13. Instead, he argues that there are "judicial exceptions" for intentional employer misconduct. *Id.* But California courts have expressly rejected this view, finding that even "egregious" and intentional conduct may fall within the purview of the WCA. In *Gunnell*, the court held that claims arising from "egregious misconduct by the employer, who failed to take steps to assure the safety of workers hired to use a dangerous chemical substance and concealed the danger from those employees," were preempted by the WCA. 92 Cal. App. 4th at 714. *Gunnell*'s holding was based on *Johns–Manville*, where the California Supreme Court found that workers' compensation was the exclusive remedy for claims that the plaintiff contracted a disease, even in a case where defendants allegedly "knew and concealed from [plaintiff] that

---

[3] Mr. Dorsey also claims that his reputational injuries are outside the workers' compensation bargain. Opp. at 9–10. The California Supreme Court has not expressly decided "whether defamation claims arising out of the course and scope of employment are barred by the exclusive remedy provisions." *Livitsanos*, 2 Cal. 4th at 757. But it has noted that a "number of courts have apparently determined" that defamation claims are not exempted by the WCA, because damage to reputation affects a proprietary interest that is "distinct from a physical or mental injury." *Id.* at 757 n.9. Because Mr. Dorsey has not alleged any defamation claims, the Court need not reach this question. *See generally* FAC.

1  [plainitff's] health was endangered by asbestos in the work environment, failed to supply adequate
2  protective devices to avoid disease, and violated governmental regulations relating to dust levels at
3  the plant." *Johns–Manville Products Corp. v. Superior Court*, 27 Cal. 3d 465, 475 (1980).
4  *Gunnell* and *Johns–Manville* are dispositive, and Plaintiff offers no persuasive basis for
5  distinguishing these cases.[4]

While the Court does not condone Defendants' alleged actions, the WCA provides the appropriate remedy as a matter of law. Because the WCA's exclusive remedy provision bars the state claims, the Court **DISMISSES** those claims without leave to amend.[5]

## IV. CONCLUSION

The Court **GRANTS** Defendants' motion to dismiss the first amended complaint and dismisses Plaintiff's RICO claim with leave to amend and the remaining state claims without leave to amend. Any amended complaint must be filed within 28 days of the date of this order. Mr. Dorsey may only amend his RICO claim and may not add new claims or defendants in his second amended complaint.

**IT IS SO ORDERED.**

Dated: 6/25/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[4] The claims against TTI are also **DISMISSED**, as the FAC does not allege any independent tort committed by TTI or that TTI assumed a duty to actively ensure a safe working environment at TTEC. *See Waste Mgmt., Inc. v. Superior Court*, 119 Cal. App. 4th 105, 110 (2004) ("[A] parent corporation is not liable for injuries of a subsidiary's employee in the absence of evidence establishing a duty owed by the parent corporation to the employee.")

[5] Although Defendants appear to argue in their briefs that the RICO claim also is barred by the WCA, the California Supreme Court has held that a RICO claim is exempt from the WCA exclusivity bar, as the "pattern of racketeering activity necessary to establish a RICO enterprise always falls outside the scope of the compensation bargain." *Charles J. Vacanti, M.D., Inc. v. State Comp. Ins. Fund*, 24 Cal. 4th 800, 826 (2001). Defendants conceded this point at the hearing.